IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTINE HOLGUIN, ) | No. C 05-3054 MMC (PR) |
| Petitioner, ) | |
| v. ) | **ORDER OF DISMISSAL** |
| STATE OF CALIFORNIA, ) | **(Docket No. 2)** |
| Respondent. ) | |
| _____ ) | |

      Petitioner is a California prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner was convicted in Monterey County Superior Court and was sentenced to eight years in state prison. His direct appeal to the California Court of Appeal was unsuccessful, and his petition for direct review to the California Supreme Court was denied. Petitioner indicates in his petition, however, that at the time he filed the instant federal habeas petition, he had a petition for a writ of habeas corpus pending before the Monterey County Superior Court. See Form Petition at 5.

      The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court. See 28 U.S.C. § 2254(b)-(c); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If a post-conviction challenge to a criminal conviction is pending in state court, a potential federal habeas petitioner must await the outcome of the challenge before his state remedies are considered exhausted. See id.

Moreover, the rule in Sherwood applies whether or not the issue raised in the pending state petition is included in the federal petition, see id., for the reason that a pending state court challenge may result in the reversal of the petitioner's conviction, thereby mooting the federal petition. See id. (citations omitted).

As petitioner has a petition currently pending in the Monterey County Superior Court, the instant petition for a writ of habeas corpus is DISMISSED without prejudice to refiling once all state court post-conviction challenges to petitioner's conviction have been completed and all claims petitioner wishes to raise in federal court have been exhausted under 28 U.S.C. § 2254(b)-(c). See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). In light of petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

This order terminates docket number 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: October 17, 2005

_____
MAXINE M. CHESNEY
United States District Judge